IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. A-99-CR-006 JRN |
| | § | |
| CATINA ANN MARSH | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE JAMES R. NOWLIN
      SENIOR UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), FED. R. CIV. P. 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Court conducted a hearing on May 21, 2007, and heard arguments from all of the parties with regard to Catina Ann Marsh's motion for discharge or conditional release.

**I. BACKGROUND**

On February 3, 1999, United States District Judge James R. Nowlin found the Movant not guilty by reason of insanity with regard to an underlying charge of making a threat to the life of the President in violation of 18 U.S.C. § 871. Following this finding of not guilty by reason of insanity, Judge Nowlin ordered the Defendant remanded to the custody of the Attorney General, pursuant to 18 U.S.C. § 4243(e). On November 1, 2001, Judge Nowlin granted the Defendant's motion for conditional release, and entered an order conditionally releasing the Defendant. The Defendant remained on conditional release until January 15, 2003, when Judge Nowlin entered an order remanding the Defendant to the custody of the Attorney General, based on his finding that the

Defendant had violated the conditions by failing to take her medication and by writing threatening letters to numerous individuals.

The Defendant was again ordered conditionally released in an order dated April 13, 2004. Several conditions were imposed on the Defendant. However, because she was unable to satisfy one of the conditions of release, the Defendant remained in custody. Then, on September 9, 2004, another order of conditional release was entered by Judge Nowlin, and the Defendant was able to meet all of the conditions and was therefore released.

On February 27, 2006, the Probation Office once again sought the revocation of the conditional release, based on the Defendant's failure to take her medication and attend sessions with her mental health treatment providers. These problems were exacerbated by the Defendant's lack of a stable residence and her resulting transitory lifestyle. Upon the filing of the petition on February 27, 2006, Judge Nowlin authorized the issuance of a warrant, and the Defendant was arrested on February 28, 2006, in Fort Worth, Texas. On April 18, 2006, Judge Nowlin once again entered an order revoking Defendant's conditional release and remanding her to the custody of the Attorney General.

On November 29, 2006, the Defendant filed a motion for discharge or conditional release pursuant to 18 U.S.C. § 4243(e)(2) and (f). On December 6, 2006, Judge Nowlin referred that motion to the undersigned for hearing and recommendation. On May 21, 2007, the Defendant and her attorney appeared before the undersigned Magistrate Judge for a hearing on the motion pursuant to 18 U.S.C. 4247(b).

## II. DISCUSSION

A.  **Statutory Standard**

Under § 4243(f), the court, after a hearing, may order the discharge of a person found not guilty by reason of insanity if the court finds that the person's release would not create a "substantial risk" of bodily injury to another person or serious damage to property of another due to a present mental disease or defect. *See* 18 U.S.C. § 4243(f). The person found not guilty by reason of insanity has the burden of proving that no such substantial risk exists by either by clear and convincing evidence or by a preponderance of the evidence, depending upon the nature of the crime of which the person was acquitted. *See* 18 U.S.C. § 4243(d). The Tenth Circuit, the only circuit court to directly address the evidentiary standard regarding the crime with which Movant was originally charged, has held that a person found not guilty by reason of insanity of the crime of making a threat against the President of the United States must demonstrate by clear and convincing evidence that her release would not create a substantial risk of bodily injury to another person or serious damage of property of another. *United States v. Gilgert*, 314 F.3d 506, 513-16 (10th Cir. 2002).

B.  **Application of Statutory Standard**

At the May 21 hearing, Marsh submitted a report by Dr. James Shadduck, a forensic psychologist at FMC Carswell, her own testimony, and the testimony of Dr. Shadduck via teleconference (by the consent of the parties). According to Dr. Shadduck's testimony,[1] Marsh never attains complete relief of the symptoms of her paranoid schizophrenia, even when taking proper medication. Despite her illness, she has caused only one minor injury in the nine years since she and

---

[1] Dr. Shadduck's testimony was recorded by the court's digital audio recording system and has not yet been transcribed. The relevant audio file is the daily recording for May 21, 2007, from 2:05:56 to 2:17:34.

3

Dr. Shadduck first met (and during which she has been in and out of FMC Carswell). All documented violent episodes during this period have occurred inside FMC Carswell and have been relatively tame in nature (several incidents of pushing/shoving, one incident of throwing a chair against a nurse's station which resulted in no property damage). There have been no documented incidents of violence during times of conditional release.

In applying the "substantial risk" standard of § 4241 (which concerns competency to stand trial but contains an identical standard to § 4243(f)), a Louisiana District Court found it proper to release a man suffering from permanent mental retardation on the grounds that, according to hospital findings, the man had only a 10% likelihood of committing another offense within the next 10 years. *United States v. Duhon*, 104 F.Supp.2d 663, 668 (W.D.La. 2000). As Marsh has caused only one minor bodily injury and no damage to property since 1998, and has no record of violent behavior prior to 1998, she would appear to be at least as unlikely to commit an offense as the defendant in *Duhon*. As such, we conclude that she has shown by clear and convincing evidence that she does not pose a *substantial* risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect upon her release under § 4243(f).

**C.    Arguments For and Against Continued Confinement**

The main argument for Marsh's continued confinement revolves not around any substantial risk of bodily injury or property damage, but rather focuses on the severity of her mental illness and the difficulties she would likely face upon release. According to Dr. Shadduck, Marsh is unlikely to experience anything more than a "marginal" existence outside of an mental health institution. Even when her medication is operating at optimal levels, her symptoms never entirely disappear. She experiences difficulty in coping with the demands of normal everyday life due to frequent bouts

of paranoia. Her problems can be heightened by her unwillingness to take her medication when she feels that it is not working properly, an attitude that has led to revocation of conditional release in the past. Furthermore, her lack of a stable environment in which to enter upon release robs her of potentially helpful support with her daily struggles.

While Marsh's mental illness would certainly make her existence outside of an institution a challenging one, such concerns cannot be used to keep her incarcerated under § 4243, which provides that a person's mental illness must create a substantial risk of danger in order to justify continued confinement. *See* 18 U.S.C. § 4243(f). In a similar vein, the Supreme Court, in determining the constitutionality of state statutes providing for the incarceration of mentally ill patients found not guilty by reason of insanity, has found that "as a matter of due process it [is] unconstitutional for a state to continue to confine a harmless, mentally ill person." *Foucha v. Louisiana*, 504 U.S. 71, 77 (1992) (citing *O'Connor v. Donaldson*, 422 U.S. 563 (1975)). As a result, "the committed acquittee is entitled to release when he has recovered his sanity *or* is no longer dangerous." *Id.* (quoting *Jones v. U.S.*, 463 U.S. 354, 368 (1983)) (emphasis added) (internal quotation marks omitted). According to both the statutory standard of § 4243 and the Supreme Court's interpretation of due process rights, Marsh cannot be held based on her mental illness absent a finding of dangerousness.

Marsh's liberty interest also play a role in determining whether to continue her confinement. An individual's liberty interest has been considered fundamental from the forming of this nation, as demonstrated by the guarantees of liberty found in both the Declaration of Independence and the Fifth Amendment to the Constitution. While any denial of liberty is a serious one, confinement is the most serious of all – "commitment for any purpose constitutes a significant deprivation of

liberty." *Jones v. U.S.*, 463 U.S. 354, 361 (1983). According to Justice George Sutherland, "[t]o give a man his life but deny him his liberty is to take from him all that makes life worth living." Marsh's obvious liberty interest weighs heavily against any federal interest in her confinement; in the absence of sufficient constitutional or statutory support for her continued incarceration, such weight is more than current governmental interests can bear. The altruistic impulses of the government, no matter how well intended, cannot alone override the liberty interests of the committed person seeking freedom. *See O'Connor v. Donaldson*, 422 U.S. 563 (1975).

### D. Discharge vs. Conditional Release

Section 4243 provides that a person shall be discharged when "his release would no longer create a substantial risk of injury to another person and or serious damage to the property of another," and that a person shall be conditionally released when the status described above can only be achieved "under a prescribed regimen of medical, psychiatric or psychological care or treatment." 18 U.S.C. § 4243(f). While Marsh undeniably suffers from mental illness that improves with treatment, her release need not be conditioned on her adherence to a program of medication. Her past behavior during times of conditional release indicates that, even when she chooses not to take her medication, she does not pose a substantial threat of violence to persons or property around her. As discussed above, Marsh's only incidents of physical violence have been minor and occurred during confinement in FMC Carswell; none have occurred during release. In addition, Marsh seems committed to seeking out proper medication. When she has ceased taking her medication in the past, she has done so due to feelings that her medication was not working, and has sought medical help when she has experienced a significant deterioration in her condition.

Due to Marsh's lack of dangerousness and willingness to seek out and take proper medications, imposing conditions upon her release would likely serve counterproductive ends. While it is certainly foreseeable (and perhaps even probable) that Marsh will stop taking her medication in the future, conditioning her release upon adherence to a program of medication (and then revoking her release when she fails to follow the program) would lead only to a continuation of Marsh's cycle of landing time and again in federal institutions, where it would appear she does not belong. Prolonging such a cycle merely delays even further the inevitable decision of when to offer Marsh her unfettered freedom – and at this time, Marsh has already been confined for roughly twice the statutory maximum she would have faced if convicted instead of acquitted of her crime. For these reasons, discharge under § 4243(f), and not conditional release, constitutes the proper course of action.

### III. RECOMMENDATION

Regardless of the difficulties we might envision for Catina Marsh upon her release, the provisions of § 4243 no longer provide any basis for confining her and withholding the liberty due to her. It is her choice to request her release, and she has done so. Her lack of substantial risk to the person or property of others whether on or off her medication renders the requirements of a conditional release unnecessary. ACCORDINGLY, the Court RECOMMENDS that Movant be granted discharge under § 4243(f).

### IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(c)); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v.*

*United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.  The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

    SIGNED this 31st day of May, 2007.

                                                 ANDREW W. AUSTIN
                                                 UNITED STATES MAGISTRATE JUDGE